IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEROME GREER El, #185 535,           )
                                     )
            Plaintiff,               )
                                     )
      v.                             )          CASE NO. 2:21-CV-513-WKW-CSC
                                     )                  [WO]
MIKE WELDON, et al.,                 )
                                     )
            Defendants.              )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

*Pro se* Plaintiff Jerome Greer El, filed this 42 U.S.C. § 1983 action on August 2, 2021. After reviewing the Complaint and finding deficiencies with this pleading, the Court determined that Plaintiff should be provided an opportunity to file an amended complaint to correct the deficiencies. On November 18, 2021, the Court entered a detailed Order explaining the deficiencies in the Complaint and providing Plaintiff with specific instructions regarding filing an amended complaint. Doc. 16.  Plaintiff was cautioned his failure to comply with the November 18, 2021, Order would result in a Recommendation this case be dismissed.  Doc. 16 at 5. To date, Plaintiff has not filed an amended complaint or otherwise complied with the Court's November 18, 2021, Order.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co*., 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser

sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the undersigned finds Plaintiff has willfully failed to file a response in compliance with the Court's November 18, 2021, Order. And considering Plaintiff's disregard for orders of this Court, the undersigned further finds sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is ORDERED that objections to the Recommendation of the Magistrate Judge must be filed **by  January 3, 2022**.  Any objections filed by a party must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 20th day of December 2021.

/s/    Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE